T.C. Memo. 1995-559

UNITED STATES TAX COURT

JAMES O. HENDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12692-94.          Filed November 27, 1995.

<u>John B. Hinton</u>, for petitioner.

<u>Victor A. Ramirez</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


POWELL, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1990 in the amount of $1,791.  At the time the petition was filed, petitioner resided in Las Vegas, Nevada.

After concessions,[2] the issue is whether petitioner is entitled to deduct expenses for travel "while away from home" pursuant to section 162(a)(2).

FINDINGS OF FACT

James O. Henderson (petitioner) graduated from college in June 1989 majoring in theatrical arts.  Immediately after graduation petitioner was employed by the Oregon Shakespeare Festival for 6 months.  During 1990, petitioner was employed as a lighting technician for Walt Disney's World on Ice (World on Ice).  World on Ice had its headquarters in Virginia; however, the show toured, stopping in various cities for brief periods of time.  Petitioner traveled on three tours during 1990.  The first tour lasted from January 1 to May 13, 1990, and included stops in 19 cities in 10 States.  The second tour ran from July to November 1990 and consisted of shows exclusively in Japan.  The third tour lasted from December 5 to December 31, 1990, and included stops in Washington, Montana, and North Dakota. Petitioner was employed on a tour by tour basis, signing a new

_____

[2] Respondent concedes that petitioner is entitled to a deduction in the amount of $2,685 for miscellaneous expenses on Schedule A.

employment contract before each tour. While traveling, petitioner received a per diem allowance of $30 for expenses.

When petitioner was on tour he stayed in hotel rooms with other employees. When not on tour petitioner stayed at his parents' house in Boise, Idaho, where he kept his car, dog, and other belongings. He was registered to vote, was licensed to drive, and paid State income tax in Idaho. Petitioner had no ownership interest in his parents' house and paid no rent. He did perform some work around the house when he was not traveling, including painting, electrical repairs, installing light fixtures with motion sensors, landscaping, and constructing a dog house. Petitioner's sole financial contribution to the household consisted of approximately $500 paid to obtain the supplies needed to perform these activities.

On his 1990 Federal income tax return, petitioner claimed deductions totaling $14,021 for expenses incurred while traveling on the tours. In the notice of deficiency respondent determined that petitioner was not entitled to deduct the traveling expenses because petitioner was not "away from home". Petitioner contends that these expenses are properly deductible as traveling expenses while away from home pursuant to section 162(a)(2), because his home was his parents' house in Boise, Idaho, and his employment was temporary.

OPINION

Section 162(a)(2) allows a taxpayer to deduct traveling expenses, including amounts expended for meals and lodging, if such expenses are (1) ordinary and necessary; (2) incurred while away from home; and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). For purposes of section 162, generally "home" (or tax home) means the vicinity of the taxpayer's principal place of business or employment. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Bixler v. Commissioner, 5 B.T.A. 1181, 1184 (1927). A taxpayer's residence, when different from the vicinity of his principal place of employment, may be treated as his tax home if the taxpayer's employment is "temporary" rather than "indefinite". Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958).

It is axiomatic that, to be entitled to a deduction under section 162(a)(2), a taxpayer must have a tax home from which to be away. A taxpayer without a tax home is deemed to have "carried his home on his back" and is not entitled to the deduction because he was not "away from home". Hicks v. Commissioner, 47 T.C. 71, 73 (1966).

A primary consideration in determining whether a taxpayer has a tax home is whether or not the taxpayer incurs substantial, continuous, and duplicative living expenses. The duplication of

expenses is a primary raison d'être for the deduction under section 162(a)(2). Barone v. Commissioner, 85 T.C. 462, 465-466 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986). While the meaning of the phrase "substantial, continuous, and duplicative" may lie to some extent in the eyes of the beholder, we concluded in Barone v. Commissioner, supra at 466, that:

> Petitioner's total payment to his parents for the use of * * * their house amounts to $503 for the taxable year 1981. This token amount together with payments he made for his share of the electric and telephone bills does not constitute substantial, continuing living expenses. [Fn. ref. omitted; citation omitted.]

The facts of this case are similar to the facts in Barone.

Petitioner argues that our decisions in Gustafson v. Commissioner, 3 T.C. 998 (1944), and Ralston v. Commissioner, T.C. Memo. 1968-248, are controlling. We disagree. While the facts of Gustafson are somewhat similar, the reasoning of that opinion is no longer apposite. We noted in Hicks v. Commissioner, supra at 74, "a change in the judicial climate * * * has sapped the Gustafson opinion of much, if not all, of its vitality."

In Ralston the taxpayer incurred only minimal expenses, but there was a coalescence of other factors that suggested a different result. The taxpayer claimed that Louisville,

Kentucky, was his tax home.  He was a groom for a racing stable located in Louisville, but spent much of the year at various racetracks around the country.  Part of that time, however, was spent at Keeneland Race Track in Lexington, Kentucky, near Louisville, and, when he was not on the racing circuit, the taxpayer was working at the home stable in Louisville.  We concluded that:

> Where there has been a coalescence of place of abode and the performance of some work in the vicinity thereof for an employer who was based in the same vicinity, the courts have generally permitted a deduction for meals and lodging elsewhere. * * * [Ralston v. Commissioner, supra.]

Those factors are not present in this case.

In sum, we conclude that petitioner cannot claim that Boise, Idaho, was his home for the purposes of section 162(a)(2).[3] While he did spend his idle time there, the source of his

---

[3]  In James v. United States, 308 F.2d 204, 208 (9th Cir. 1962), the Court of Appeals for the Ninth Circuit indicated that, while the existence of a tax home was a prerequisite to deducting total (emphasis in the original) traveling expenses, an itinerant taxpayer (without a tax home) might be able to deduct that portion of his traveling expenses attributable to the increased cost of meals and lodging associated with travel.  Appeal in this case lies in the Court of Appeals for the Ninth Circuit. However, James was decided based on the language "the entire amount" in section 23(a)(1)(A) of the Internal Revenue Code of 1939 and that language has been removed from the statute by a 1962 amendment.  Revenue Act of 1962, Pub. L. 87-834, sec. 4(b), 76 Stat. 960, 976-977.  Furthermore, we need not decide whether the Court of Appeals for the Ninth Circuit would interpret the amended statute as it did in James, because petitioner, as in James, has not shown what portion of his traveling expenses are attributable to the increased cost associated with travel.

employment had no connection with Boise.  Moreover, petitioner's minimal financial contribution to his parents' home does not lead to the conclusion that he incurred substantial, continuous, and duplicative expenses.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.