T.C. Summary Opinion 2009-111


UNITED STATES TAX COURT


SUSAN D. THOMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14031-07S.          Filed July 20, 2009.


Susan D. Thompson, pro se.

<u>Blake W. Ferguson</u> and <u>Olivia Hyatt</u>, for respondent.


JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,553 deficiency with respect to petitioner's Federal income tax for 2005.

The issues for decision are: (1) Whether $50 of interest accrued on money in a bank account jointly held by petitioner and her father is taxable to petitioner, and (2) whether petitioner is entitled to claimed business expense deductions for: (a) travel of $1,560, and (b) meals of $4,158.[1]

All section references are to the Internal Revenue Code in effect for 2005, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Until June 2005 petitioner resided in Galveston, Texas, where she worked off and on as a licensed massage therapist, earning minimal income. She lived with her boyfriend in his home. She did not pay rent or utility expenses, but she did pay the monthly DIRECTV satellite television bill.

In June of 2005 petitioner accepted temporary employment with CodyCole USA, Inc. (CodyCole), a security firm, to provide on-site monitoring of a construction site in Shreveport,

---

[1]It is unclear from the record whether petitioner properly reduced the amount deducted for meals to comply with the limitation of sec. 274(n).

Louisiana. Petitioner's job, which was to last 6 months, required her to live on the construction site and to provide 24-hours-a-day, 7 days-a-week monitoring services. To perform her job, petitioner decided to live in her mobile home, which was then stored at Rigsby Island, Washington. She went to Rigsby Island, retrieved the mobile home, and drove it to the construction site in Shreveport. Petitioner lived in her mobile home for 189 days during 2005.

Petitioner left personal belongings with her boyfriend in Galveston, including a hydraulic massage table, stereo equipment, and a television. She intended to, and did, return to Galveston upon termination of her employment with CodyCole.

At all times during 2005 petitioner considered herself a resident of Galveston. Evidencing this intent were: (1) Petitioner's mobile home was registered in Texas, (2) petitioner paid Texas personal taxes on the mobile home, and (3) petitioner maintained a bank account and post office box in Galveston.

Petitioner engaged H&R Block to prepare her 2005 Federal income tax return. On Schedule C, Profit or Loss From Business, attached to her 2005 tax return, petitioner deducted $4,158 as meal expenses (using the 2005 Federal per diem rate for meals) and $1,560 as travel expenses incurred in connection with petitioner's driving her mobile home from Rigsby Island to Shreveport.

Petitioner and her father jointly held an interest-bearing account at ALMACO Federal Credit Union. During 2005 $50 of interest accrued on the money held in that account. Petitioner did not report any of the $50 on her 2005 tax return.

Upon audit of petitioner's 2005 tax return, respondent determined that (1) petitioner should have reported the entire $50 of interest income on her 2005 tax return, and (2) the aforementioned business travel and meal expenses were improperly deducted on Schedule C.

## Discussion

### A. Interest Income

As noted above, respondent contends that petitioner received, and should have included in gross income, the aforementioned $50 of interest. At trial petitioner credibly testified that the money in the account, including interest, was her father's and that the sole reason petitioner had access to the money was to pay her father's bills. We are satisfied with this explanation and thus hold that, contrary to respondent's determination, no part of the $50 of interest is taxable to petitioner.

### B. Meal and Travel Expense Deductions

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 162(a)(2) allows a taxpayer to deduct

traveling expenses, including amounts expended for meals, if such expenses are: (1) Ordinary and necessary, (2) incurred while away from home, and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Services performed by an employee constitute a trade or business for this purpose. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).

Petitioner asserts that she is entitled to deduct $4,158 of meal expenses and $1,560 of travel expenses as business expenses related to her employment with CodyCole. Petitioner's entitlement to the claimed deductions for business travel and meal expenses turns on whether such expenses were "incurred while away from home". To be "away from home" so as to claim traveling expenses, a taxpayer must have a "tax home". This Court has held that for purposes of section 162(a)(2) a taxpayer's "home" is generally the vicinity of the taxpayer's principal place of employment. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981).

A taxpayer's residence, when different from the vicinity of the taxpayer's principal place of employment, may be treated as the taxpayer's tax home if the taxpayer's employment is "temporary" rather than "indefinite". Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Petitioner's employment was clearly

temporary; the job was to last 6 months and, in fact, lasted 189 days.  Therefore, we must determine whether petitioner's previous Galveston residence continued to constitute her "tax home" while she lived in the mobile home on the construction site in Shreveport.

If a taxpayer does not have a tax home from which he/she can be away, then he/she is not entitled to a deduction under section 162(a)(2).  A taxpayer without a tax home is deemed to have "'carried his home on his back'", to have been an itinerant, and is not entitled to a deduction because he/she was not "away from home".  See Henderson v. Commissioner, T.C. Memo. 1995-559 (quoting Hicks v. Commissioner, 47 T.C. 71, 73 (1966)), affd. 143 F.3d 497 (9th Cir. 1998); see also Wirth v. Commissioner, 61 T.C. 855, 859 (1974); Hicks v. Commissioner, supra at 74.

The purpose of the "away from home" provision is to mitigate the burden of the taxpayer who, because of exigencies of his/her trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses.  Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968); Hicks v. Commissioner, supra at 74.  A taxpayer has a "home" when he/she has incurred substantial continuing living expenses at a permanent place of abode.  Barone v. Commissioner, 85 T.C. 462, 465 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986); see James v. United States, 308 F.2d 204, 208 (9th Cir. 1962).  The

question of whether a taxpayer has a tax home is factual.  <u>Barone</u>
<u>v. Commissioner</u>, <u>supra</u> at 466.

In <u>Barone</u>, the taxpayer was a long-haul trucker.  He
deducted expenses for food purchased when he was on the road as
well as other expenses.  When he was not on the road, he resided
at his parent's house.  The taxpayer paid his share of the
electric and telephone bills plus $2 a day when he was at his
parents' house and $1 a day when he was on the road.  In
rejecting the taxpayer's contention that his tax home was his
parent's house, we stated:

> While the subjective intent of the taxpayer is to be
> considered in determining whether he has a tax home, for
> purposes of section 162(a)(2), this Court and others
> consistently have held that objective financial criteria
> bear a closer relationship to the underlying purpose of the
> deduction.  The section is intended to mitigate the burden
> of a taxpayer who, because of the travel requirements of his
> trade or business, must maintain two places of abode and
> therefore incur additional living expenses. * * * Section
> 162(a)(2) provides some relief for a taxpayer who incurs
> "substantial continuing expenses" of a home which are
> duplicated by business travel away from home on a temporary
> basis, by allowing a deduction for the expenses of such
> travel. * * *
>
>      *      *      *      *      *      *      *
>
> Petitioner's total payment to his parents for the use  of a
> bedroom and bathroom in their house amounts to $503 for
> the taxable year 1981.  This token amount together with the
> payments he made for his share of the electric and
> telephone bills does not constitute substantial, continuing
> living expenses. * * *

<u>Id.</u> at 465-466 (fn. ref. omitted).

Before June 25, 2005, petitioner resided in Galveston with her boyfriend at his home.  At no time during 2005 did she pay rent or utilities.  Rather, until June 2005, she paid a modest amount for the household's DIRECTV satellite television subscription.  Consequently, petitioner did not have substantial, continuing living expenses at her boyfriend's Galveston residence while living in Shreveport.  At no time during 2005 did petitioner maintain two places of abode.  Hence, she did not incur additional and duplicate living expenses while living in Shreveport.  Accordingly, petitioner is not entitled to the travel and meals business expense deductions claimed.

To reflect the foregoing, and because petitioner's earned income tax credit and self-employment tax must be recomputed,

<u>Decision will be entered under Rule 155</u>.