T.C. Summary Opinion 2018-14

UNITED STATES TAX COURT

HAMID JAHANGIRIAN AND SHOHREH CHALSHTARI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25916-16S.                    Filed March 20, 2018.

Hamid Jahangirian and Shohreh Chalshtari, pro sese.

<u>Hans Famularo</u> and Joseph O'Brien (student), for respondent.

SUMMARY OPINION

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' 2013 and 2014 Federal income tax of $12,960 and $10,537, respectively. Respondent further determined penalties pursuant to section 6662(a) for 2013 and 2014 of $2,374 and $2,107, respectively.

After concessions,[2] the sole issue for decision is whether petitioners are entitled to a deduction for unreimbursed employee business expenses of $44,867 for 2013. The resolution of this issue turns on whether Mr. Jahangirian's "tax home" was in Oklahoma City, Oklahoma (hereinafter, Oklahoma City), or in Lake Forest, California (hereinafter, Lake Forest). We hold that Mr. Jahangirian's tax home was in Oklahoma City and therefore that petitioners are not entitled to the claimed deduction for unreimbursed employee business expenses.

---

[2]Petitioners concede the following: (1) taxable interest income of $17 for 2013; (2) wage income of $10,414 for 2013; (3) unemployment compensation of $772 and $5,790 for 2013 and 2014, respectively; (4) the refundable American Opportunity Credit of $1,000 for both 2013 and 2014; and (5) the deductions for cash contributions of $2,945 and $4,935 for 2013 and 2014, respectively. Respondent concedes the unreimbursed employee business expense deduction of $41,150 for 2014 and also concedes that petitioners are not liable for the sec. 6662 accuracy-related penalties for 2013 and 2014.

## Background

The parties have stipulated some facts, which we incorporate by this reference. Petitioners, who are married, resided in California when they petitioned the Court.

During 2013 Mr. Jahangirian was employed by Enterprise Engineering Services, LLC (EES), to work on a project in Oklahoma City. His employment with EES commenced in January 2013 and ended in December 2013. Previously, Mr. Jahangirian had been employed in Oklahoma City by ASRC Management Services, Inc. (ASRC), to work on other projects from April 2010 to December 2011, and by As and D, Inc., an affiliate of ASRC, from January 2012 to December 2012.

In January 2011 Mr. Jahangirian rented an apartment in Oklahoma City. He maintained the same apartment from January 2011 through January 2014. At all relevant times Ms. Chalshtari resided in petitioners' home in Lake Forest. During 2013 Mr. Jahangirian traveled on a few occasions from Oklahoma City to petitioners' home in Lake Forest for anniversaries and holidays.[3]

---

[3]Petitioners presented documents showing that during 2013 Mr. Jahangirian made three trips to and spent approximately 18 nights in Lake Forest.

Petitioners attached to their 2013 Form 1040, U.S. Individual Income Tax Return, a Schedule A, Itemized Deductions, on which they claimed a deduction for unreimbursed employee business expenses of $44,867. Petitioners also attached to their 2013 tax return a Form 2106, Employee Business Expenses, reporting unreimbursed employee business expenses of $44,337, comprising $7,339 for vehicle expenses, $6,950 for travel expenses while away from home, and $30,048 for business expenses.[4] On this Form 2106 petitioners listed the occupation in which the expenses were incurred as "OVERSEAS ASSIGNMENT".

By notice of deficiency respondent disallowed, among other things, petitioners' claimed deduction of $44,867 for unreimbursed employee business expenses for 2013.

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving

---

[4]There is no explanation in the record for the $530 discrepancy in the $44,337 reported on the Form 2106 and the $44,867 deduction claimed on the Schedule A.

entitlement to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940).

As a general rule, personal living expenses are nondeductible. Sec. 262; secs. 1.162-2(a), 1.262-1(b)(5), Income Tax Regs. However, a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including traveling expenses "while away from home in the pursuit of a trade or business". Sec. 162(a)(2). Traveling expenses, including amounts expended for meals and lodging, may be deducted under section 162(a)(2) if they are: (1) ordinary and necessary; (2) incurred while away from home; and (3) incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946).

Under section 162, the term "'home' does not have its usual and ordinary meaning." Henderson v. Commissioner, 143 F.3d 497, 499 (9th Cir. 1998), aff'g T.C. Memo. 1995-559. For purposes of section 162(a)(2), a taxpayer's home generally means the vicinity of his principal place of employment. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). As an exception to this general rule, a taxpayer's residence may be treated as the taxpayer's tax home, even though it is outside the vicinity of the principal place of employment, if the taxpayer's employment is "temporary" and not "indefinite". Peurifoy v. Commissioner, 358

U.S. 59, 60 (1958).  Section 162(a) further provides that a taxpayer will not be treated as temporarily away from home during any period of employment if such a period exceeds one year.  See Barrett v. Commissioner, T.C. Memo. 2017-195, at *9.

This Court has treated employment as "indefinite" rather than "temporary", if "its termination cannot be foreseen within a fixed or reasonably short period of time."  Stricker v. Commissioner, 54 T.C. 355, 361 (1970), aff'd, 438 F.2d 1216 (6th Cir. 1971).  The Court of Appeals for the Ninth Circuit, to which any appeal of this case would lie if it were appealable, has applied a somewhat different test.[5]  According to that court, the proper test for determining whether a taxpayer's employment is indefinite is whether "there is a reasonable probability known to him that he may be employed for a long period of time at his new station."  Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), rev'g and remanding 32 T.C. 1368 (1959).  What constitutes a "long period of time" varies with the circumstances of each case.  Id.

On this record, applying either the test of this Court or that of the Court of Appeals for the Ninth Circuit, we hold that Mr. Jahangirian was not "away from

[5]Although under sec. 7463(b) this case is not appealable, we afford petitioners the same result that they would have obtained in their particular appellate circuit, which is the Ninth Circuit.

home" within the meaning of section 162(a)(2). Mr. Jahangirian began working in Oklahoma City in April 2010. Although he worked for various employers and on various projects in Oklahoma City, at least two of the employers were affiliated, and his employment in Oklahoma City lasted through December 2013. See Curtis v. Commissioner, T.C. Memo. 1970-299 (a taxpayer who worked in the same area, and no other, for a protracted length of time on a series of temporary jobs was not considered away from home), aff'd, 449 F.2d 225 (5th Cir. 1971). Mr. Jahangirian rented the same apartment in Oklahoma City from January 2011 through January 2014. Although Mr. Jahangirian returned on occasion to Lake Forest, Ms. Chalshtari stated at trial that "he couldn't find a job * * * [in Lake Forest], you know, and he had to go to Oklahoma for a job." Mr. Jahangirian stated that he did look for work in and around Lake Forest but was unable to secure employment there. We are convinced that, as relates to petitioners' 2013 tax year, Mr. Jahangirian had a reasonable probability known to him that he might be employed for a long time in the vicinity of Oklahoma City and thus that his employment there was indefinite. See Harvey v. Commissioner, 283 F.2d at 495.

On the basis of the record before us, we hold that Mr. Jahangirian's tax home for 2013 was Oklahoma City and therefore that the expenses at issue are not deductible as "away from home" travel expenses. Accordingly, we sustain

respondent's disallowance of petitioners' claimed unreimbursed employee business expenses for 2013.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.